UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONNIE COLEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO:  10-3209** |
| **DEVIN GEORGE, ASSISTANT DEPUTY DIRECTOR VITAL RECORDS** | **SECTION: "C" (4)** |

**REPORT AND RECOMMENDATION**

Before the Court is a **Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) & Rule 12(b)(6) & Rule 12(e) Moton [sic] for More Definite Statement & Rule 12 (e) Motion for a More Definite Statement [sic] (R. Doc. 13)**, filed by Defendant, Devin George.  The *pro se* Plaintiff, Ronnie Coleman, opposes the motion.  (R. Doc. 17.)  On May 20, 2011, the presiding Judge deferred the motion to the extent that it seeks dismissal of the Plaintiff's Complaint.  The presiding Judge further referred the remaining request for a more definite statement to the undersigned for disposition.  (*See* R. Doc. 19.)  The motion was heard on the briefs.

**I.     Background**

On September 10, 2010, *pro se* Plaintiff, Ronnie Coleman ("Coleman") filed the above captioned matter against the Defendant, Devin George ("George.")  (R. Doc. 1.)  Coleman complains that he filed a lawsuit in The Civil District Court of the Parish of Orleans.  He alleges that in violation of his civil rights, his matter was not set for hearing at the earliest practicable date.  He contends that the Defendant acted in bad faith by failing to address his formal complaint.  He further complains that his Due Process rights have been violated.  He asserts that a government agency or official is not relieved of their responsibility to assure that there is "nondiscrimination."  (R. Doc.

1, p. 2.)

As to the instant motion, the Defendant seeks a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  The Plaintiff opposed the motion to dismiss, but did not address the motion, insofar as it seeks a more definite statement, in his response.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Motions for more definite statements are generally disfavored because the Rules simply call for a short and plain statement of the claim to give the defendant fair notice of the claim and the grounds upon which it rests.  *Acker v. Bishop*, No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul. 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice.  *Id*.  Furthermore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery.  *Id*.; *Blum v. Roberts*, No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

### III.   Analysis

George, a Deputy Vital Record Registrar, contends that the Plaintiff's Complaint does not state a cause of action against him. He contends that the Complaint essentially alleges that the Court is required to assign cases at the earliest practicable date. It further alleges that a determination should have been made by the Civil District Court–Parish of Orleans or other formal decision maker such as a hearing officer, however, this did not occur and therefore an unnamed person acted in bad faith and violated his Civil Rights. George complains that the Plaintiff did not refer to a prior formal complaint or state the name of the person who did not take the action. Further, the Plaintiff did not identify the action that he allegedly failed to take. George further complains that the Complaint alleges that the Civil District Court acted in bad faith and violated his civil rights. However, George is not employed by the Civil District Court. As a result, George claims that the Plaintiff did not set forth any action or inaction against George in his Complaint.

Upon review, the Court finds the Complaint and Amended Complaint unintelligible. The Court is unable to glean from either pleading what claims the Plaintiff seeks to assert against the Defendant. Even under a broad reading, the Court is unable to ascertain any potential Section 1983 claim against the Defendant. As such, the Defendant has not been put on notice as to the claims against him and cannot be expected to reasonably respond. Thus, the Court finds that a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e), is appropriate.

### IV.   Conclusion

3

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) & Rule 12(b)(6) & Rule 12(e) Moton [sic] for More Definite Statement & Rule 12 (e) Motion for a More Definite Statement [sic] (R. Doc. 13)** filed by the Defendant, Devin George, insofar as it seeks a more definite statement, is hereby **GRANTED**.

New Orleans, Louisiana, this 4th of August 2011

*[signature]*
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**